No. 1707.—SIBLEY, GUION & CO. *v.* FERNIE, BROTHERS & CO.—THOS. CALVERT, ALEX. B. FRAZER and WM. GILLESPIE, Intervenors.

A creditor of a part owner of a vessel, a non-resident, may proceed against the vessel by attachment when she enters the port, and he can not be held liable for the expenses incurred, or damages caused by the detention pending the decision of the attachment suit.

In case the interest of one of the owners of the vessel is sold at the suit of the attaching creditor, no privilege exists on the proceeds for expenses incurred or supplies furnished during the detention or previously.

The privilege on a vessel in favor of the furnisher of supplies, or the crew, is not affected by the sale of the interests of the different shareholders.

APPEAL from the Fourth District Court of New Orleans. *Théard, J. Campbell, Spofford & Campbell*, for plaintiffs and appellees. *Elmore & King*, for defendants and appellants.

WYLY, J. This is a contest between the plaintiffs, who are attaching creditors, and the intervenors, for the proceeds of the sale of the three-eighths interest of the defendants in the British ship "Herald," which was sold pending this litigation, on twelve months' credit, by order of the court, and bought by Thomas Calvert, one of the intervenors, who was master of the vessel.

The plaintiffs contend that on getting judgment, their preference on the proceeds reverted to the day the attachment was levied, which was prior to the existence of the debts set up by the intervenors as privileged.

The intervenors contend that the claims which they set up for supplies, wages of officers and crew, port charges and demurrage, arose in consequence of the detention of the vessel; and that it would be unjust for them, the owners of five-eighths, to suffer the expenses and losses resulting from the seizure of the vessel on account of the indebtedness of the owners of three-eighths thereof; for the amount of these expenses, paid by the captain, and for the amount claimed for demurrage, the intervenors assert a privilege on the proceeds of the sale of the three-eighths attached, superior to that of the attaching creditors.

The court below came to the conclusion that, although it appeared that Captain Calvert had incurred expenses and paid debts accruing during the detention of the vessel, there was no legal evidence of his subrogation to the rights of the creditors whose claims he paid; that his remedy was in an action for settlement against the coproprietors before the proper tribunal; and it gave judgment for the amount claimed by the plaintiffs, recognizing their preference resulting from the attachment.

The intervenors have appealed.

The demand of the plaintiffs was based on a bill of exchange, and the defendants were non-residents, owning the three-eighths of the vessel attached.

There is no doubt of the correctness of the judgment as to the defandants, who have not appealed.

The intervenors have not raised an issue as to the legality of attaching the three-eighths interest of the defendants in the vessel, and they will not now be heard making defenses not set up in their pleadings.

The question is simply whether the plaintiffs or the intervenors have a superior right to the proceeds of the sale of the three-eighths of the vessel attached by the plaintiffs?

After examination of the evidence and authorities bearing on the case, we have come to the conclusion that the intervenors have no privilege whatever on the funds in dispute.

As to the claim for demurrage, we are at a loss to perceive how that can give the owners of five-eighths of the vessel a privilege on the share of the owners of the other three-eighths. It is simply an unliquidated claim for damages, which is entitled to no consideration in determining the issues of this case.

If the intervenors are subrogated to the privileged debts which they say they have paid, their privilege still remains upon the vessel, which has never been sold; only the share or three-eighths interest of the defendants was attached and sold. The intervenors certainly have no greater rights than the privilege creditors they claim to have paid; and we apprehend that the furnisher of supplies and the crew would have no right to interfere in the sale of the share or interest of the defendants in the vessel, having their privilege on the vessel, and not on the interests of the different shareholders. Whether the share of the defendants was transferred to the purchaser by judicial or conventional sale, can make no difference to the privilege creditors of the vessel.

If the vessel had been sold by judicial process, the privileges resting thereon would, perhaps, have been transferred from the thing sold to the proceeds, and the purchaser would have taken it free of incumbrance. But the purchaser of the interest of a part owner only takes the thing subject to the incumbrances thereon. The purchaser, in this

case, did not buy the vessel, but only the share or interest of the part owners.

We see no force in the argument of the intervenors that they should take the proceeds in preference to the plaintiffs because it was by no fault of theirs that the attachment was levied, and the detention and loss occurred; that as the detention had occurred by the attachment of the plaintiffs, they should suffer the losses resulting from the detention, rather than themselves, who had committed no wrong whatever in the matter. We do not think it can fairly be said that the plaintiffs have committed a wrong by levying an attachment against the property of their debtors, who were non-residents, and who do not complain. One can hardly be said to have committed a wrong who has merely exercised his legal rights.

We think the captain's remedy for the money advanced for the expenses of the vessel, is against the coproprietors, and that if the vessel was detained by the fault of one of the part owners, and loss resulted to the others, their action is against him by whose fault the damage or loss occurred. It is not against the creditor who has exercised his lawful remedy.

It is therefore ordered that the judgment appealed from be affirmed, with costs.